NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

J Jesus Zarate-Preciado,

Petitioner,

v.

Pamela Bondi,

Respondent.

No. 24-1664

Agency No.
A041-835-797

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 17, 2025[**]
Pasadena, California

Before: CLIFTON, BYBEE, and LEE, Circuit Judges.

Petitioner Jesus Zarate-Preciado petitions for review of a Board of

Immigration Appeals (BIA) order finding that he waived his application for

withholding of removal by failing to address dispositive findings by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge (IJ) regarding the availability of internal relocation. We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252. Factual findings by the IJ and BIA are reviewed under a "substantial evidence" standard. *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003). Where "the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)).

Zarate-Preciado's failure to exhaust precludes review of his application for withholding of removal. Circuit courts can review "a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1).

Here, Zarate-Preciado has failed to exhaust any challenge to the IJ's internal relocation determination. Zarate-Preciado's brief on appeal to the BIA focused exclusively on the risk of harm associated with the country of Mexico overall and did not clearly address the IJ's internal relocation findings. And Zarate-Preciado has further neglected to meaningfully challenge the BIA's forfeiture determination before this Court. Without any citations to the record in question, Zarate-Preciado's opening brief asserts that "[i]t is clear from the administrative record

that Zarate-Preciado, in his memorandum of law submitted to the BIA, meaningfully challenged the Immigration Judge's ruling on internal relocation." But Zarate-Preciado's brief on appeal to the BIA, identified by him as the aforementioned "memorandum of law," makes no references to "internal relocation." A conclusory objection to the BIA's waiver determination does not suffice. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

As an applicant cannot establish the probability of persecution if internal relocation is possible and reasonable, Zarate-Preciado's failure to exhaust prevents us from reviewing the merits of his withholding claim. *See* 8 C.F.R. § 1208.16 (2022).

The IJ's internal relocation determination also bars relief under a substantial evidence standard. As Zarate-Preciado has not established past persecution and does not claim persecution from the government or a government actor, he bears the burden of rebutting the presumption that internal relocation would be reasonable. *See* 8 C.F.R. § 1208.16(3)(b)(3)(i). While Zarate-Preciado raised concerns about high delinquency in Jalisco, Mexico, he presented no evidence that relocation to another area of Mexico would be impossible or unreasonable.

Accordingly, we uphold the IJ's factual finding that the availability of internal relocation defeats Zarate-Preciado's application for withholding of removal.

**PETITION DENIED.**